In their appeal to the Full Commission, defendants set forth several theories under which they contend the prior Order by Commissioner Bernadine S. Ballance should be reversed. Following arguments, the majority of the Full Commission found that defendants had shown good ground in support of their contentions, reversed the prior Order and dismissed plaintiff's claim. For the following reasons, I hereby dissent from the majority's Decision and Order.
The key aspect of defendants' appeal, in my opinion, rested on the determination of whether the Industrial Commission had jurisdiction over the parties and this claim. In support of their position on this issue, defendants first contend that any review of the merits of this case would amount to the Industrial Commission reviewing a judicial determination made in another forum. Defendants point to the fact that our legislature has specifically given the Disciplinary Hearing Commission of the North Carolina State Bar the authority to sanction misconduct, including the authority to seek criminal convictions. Further, defendants contend, since the Tort Claims Act does not give the Industrial Commission the authority to determine claims of this nature, it lacks subject matter jurisdiction in this case. G.S. § 143-291 et. seq.
Because of the importance of this fundamental issue, it is my view that the better course of action would be to remand this case for a hearing on the issue of jurisdiction. What was presented on this issue at the Full Commission level was not sufficient, in my opinion, given its complexity and importance. On remand, should plaintiff prevail, the Deputy Commissioner could then determine the remaining issues, including the merits of plaintiff's claim.
For the reasons stated above, I cannot join in the majority's decision and, therefore, do hereby dissent.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER